IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY ALVERSON, #132431, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:18-CV-61-MHT |
| ) | |
| LORENZO MILLS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is currently pending before the court on a complaint filed by Rodney Alverson, an indigent state inmate currently incarcerated at the Bullock Correctional Facility.  In the present complaint, Alverson, a frequent federal litigant, challenges the constitutionality of his transfer to Easterling Correctional Facility in January of 2018, lack of assignment to Staton Correctional Facility and denial of employment in the furniture plant available to inmates at Staton as retaliation for his legal activities.  On March 16, 2020, Alverson filed a motion for preliminary injunction requesting a transfer from Bullock to Staton with assignment to the furniture plant, or placement in the Alabama Therapeutic Education Facility ("ATEF") program or placement in a more favorable dorm at Bullock.  Doc. 80.  All such requests represent prospective relief arising from the plaintiff's current incarceration at Bullock.

Upon review of the instant motion for preliminary injunction, the court concludes that this motion is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Alverson meets each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.* at 1329; *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001); *Tefel v. Reno*, 180 F.3d 1286, 1295 (11th Cir. 1999); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983).  "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotation marks omitted) (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)); *see Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (holding that a grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion).  The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's request for injunctive relief, regardless of the party's ability to establish any of the other requisite elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of

irreparable injury would, standing alone, make preliminary injunctive relief improper"). Moreover, "[t]he chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Alverson has failed to demonstrate a substantial likelihood of success on the merits of the claims for which he seeks injunctive relief.  Simply put, it is well-settled that Alverson has no constitutional right to confinement in a particular prison or dorm of his choosing.  *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  In addition, with respect to the third factor – balancing potential harm to the parties – this factor weighs much more heavily in favor of the defendants as issuance of the requested injunction would substantially interfere with the ability of correctional officials to determine the manner in which to most effectively manage the transfer of inmates between correctional facilities and greatly impede their ability to make decisions regarding the proper housing of inmates. Finally, the court also finds that Alverson seeks prospective injunctive relief – not relief addressed to maintain the status quo which is the chief function of a preliminary injunction. Thus, under the circumstances of this case, the court concludes that Alverson has failed to

meet his burden of demonstrating the existence of each requisite element necessary to warrant issuance of the requested preliminary injunctions.[1]

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion for preliminary injunction filed by the plaintiff (Doc. 80) be DENIED.

2.  This case be referred back to the undersigned for additional proceedings on the claims pending before the court.

On or before **March 31, 2020** the parties may file objections to the Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a

---

[1] Insofar as the plaintiff seeks to obtain relief regarding conditions/actions to which he is currently subjected at the Bullock Correctional Facility, his proper avenue for relief is to file a separate 42 U.S.C. § 1983 complaint with this court.  Additionally, if the plaintiff seeks to challenge actions taken against him during his prior confinement at the St. Clair Correctional Facility, he may do so by filing a 42 U.S.C. § 1983 complaint in the United States District Court for the Northern District of Alabama challenging such actions.

party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 17th day of March, 2020.

                                        /s/ Charles S. Coody
                              UNITED STATES MAGISTRATE JUDGE